J-S29031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: L.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: G.T.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 433 WDA 2022 |

Appeal from the Order Entered March 25, 2022
In the Court of Common Pleas of Erie County Domestic Relations at
No(s):  CP-25-DP-0000069-2022

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  November 4, 2022**

G.T.S. ("Father') appeals from the order adjudicating his minor child, L.S. ("Child") dependent, finding aggravated circumstances against Father, finding no reasonable efforts towards reunification necessary, and establishing adoption as the placement goal for Child.  March 25, 2022 Order of Adjudication and Disposition ("3/25/22 Order").  In the 3/25/22 Order, the trial court further found that aggravating circumstances also existed against E.M.T., Child's mother ("Mother").[1]  Additionally, Father's counsel has filed a petition for leave to withdraw and accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We deny the petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother has also appealed the 3/25/22 Order.  The trial court addressed both Mother's and Father's appeals in its 1925(a) opinion.

The trial court set forth the factual and procedural history of this matter in its 1925(a) opinion, issued on May 19, 2022 ("TCO"):

On March 6, 2022, the [Erie County Office of Children & Youth ("OCY")] received a General Protective Services Referral ("GPS") after [Child]'s twin sister, A.S., was found unresponsive in her pack 'n play. A.S. was transported to the hospital, where she was pronounced dead on arrival. [Mother and Father] reported to the Erie Police Department ("EPD") that A.S. was fed around 9:00 a.m. and then put down for a nap around 10:30 a.m. in the pack 'n play on a boppy pillow. When Appellants went to check on A.S., she was face down on the side of the boppy pillow, unresponsive, at which time they reported they called 911. It was determined that A.S. died due to suffocation.

On March 7, 2022, [OCY] went to [Mother and Father's residence] to follow up on the GPS referral and observed Child lying in the pack 'n play sleeping on a boppy pillow. Through a follow-up investigation, [OCY] learned that Mother had been instructed repeatedly through Project First Step, Nurse-Family Partnership, and [OCY] about safe sleeping techniques and not using the boppy pillow without supervision.

TCO at 2 (citations to record omitted). An application for an emergency protective order was filed setting forth OCY's concerns that Child was not safe in the care of her parents due to: (i) the continued use of the boppy pillow even after the death of A.S. on the previous day and despite attempts by numerous health providers to instruct them on its danger; (ii) Mother's history of failure to meet the needs of her other children;[2] (iii) Mother's mental health history; and (iv) Mother's limited intellectual abilities. An Emergency

---

[2] Mother's parental rights were terminated as to her two other children pursuant to 42 Pa.C.S. § 6302(3)(iv), on October 18, 2018 and July 16, 2019. *See* Order of Adjudication and Disposition, March 25, 2022, at 1.

Protective Order for Child was issued on March 9, 2022.  On March 14, 2022, OCY filed a petition for dependency, seeking a finding of aggravated circumstances against both Mother and Father.[3]

An adjudication and disposition hearing was held on March 21, 2022. Following the hearing, the trial court found that OCY had established, by clear and convincing evidence, that Child was without proper parental control, and adjudicated Child dependent pursuant to 42 Pa. C.S. § 6302(1)(A).  A disposition hearing was held immediately following the adjudication, and there, the trial court found OCY had established by clear and convincing evidence that aggravated circumstances existed with regard to both Mother and Father pursuant to 42 Pa.C.S. § 6341(c.1).  By its March 25, 2022 order, adoption was established as the placement goal for child and OCY was directed to offer no services to Mother and Father, and to proceed with the filing of a petition to terminate parental rights.[4]  3/25/22 Order.  Father filed both a notice of appeal and a concise statement of matters complained of on appeal on April 20, 2022.

_____

[3] OCY sought aggravated circumstances against Father based upon his conviction of an equivalent crime in another jurisdiction.  **See** 42 Pa.C.S. § 6302(3)(iv).  The dependency petition alleges that, in addition to Father's continued disregard for safe sleeping techniques despite repeated warnings, he has a significant criminal history in the state of Illinois and the Commonwealth of Pennsylvania, including sexual offenses with a minor child victim under the age of 9 in Illinois, and two prior convictions for simple assault and criminal conspiracy-robbery in Pennsylvania. Dependency Petition at 4.

[4]

On appeal, counsel has filed an **Anders** Brief in which he asserts the following questions for our review:

1. Whether the Juvenile Court committed an abuse of discretion and/or error of law when it determined that [OCY] established, by clear and convincing evidence, the grounds for a change in goal to adoption pursuant to 42 Pa.C.S. § 6351(f)?

2. Whether the Juvenile Court committed an abuse of discretion and/or error of law when it determined that [OCY] established, by clear and convincing evidence, that reasonable efforts to reunify were not necessary?

Anders Brief at 3.

Before reaching the merits of this appeal, we must first address whether counsel's petition to withdraw and accompanying brief comply with the procedure outlined in **Anders** and related case law. **See In re J.D.H.**, 171 A.3d 903, 906 (Pa. Super. 2017) (holding that **Anders** procedure for withdrawal of court-appointed counsel applies in a dependency and adoption proceeding, even in the absence of an involuntary termination decree). In order to withdraw under **Anders**, counsel must

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the **Anders** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

**Id.** at 907 (quoting **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*); brackets omitted).

- 4 -

With respect to the third requirement, counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Id.* (quoting ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005)). Because a parent has a continuing right to counsel in dependency proceedings, an attorney seeking to withdraw in an appeal from an order establishing adoption as the placement goal from is required to

> inform the parent of his or her right to counsel in any subsequent dependency or involuntary termination proceedings. Counsel must also inform the parent that, if he or she cannot afford counsel, he or she may contact the trial court in order to obtain new counsel. This information must be conveyed to the parent at the same time that counsel informs the parent of his or her other rights pursuant to ***Anders***[.]

*Id.* at 906-07.

Furthermore, the ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 907 (quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)).

In his petition to withdraw, counsel indicated that he had thoroughly reviewed the record and determined that there are no non-frivolous grounds for this appeal. Counsel sent a letter to Father advising him of his right to retain new counsel or proceed *pro se* and raise any additional issues he deemed worthy of this Court's attention.[5] Counsel's letter also advised Father of his right to appointed counsel in any subsequent dependency or termination proceeding and that he should contact the court to obtain new counsel if he could not afford it. **See id.** at 906-07. This letter was attached to counsel's petition for withdraw, and it indicates that counsel provided Father with the petition to withdraw and **Anders** brief; counsel's certificates of service likewise demonstrate that the relevant filings were served on Father.

However, although counsel's brief contains a summary of the relevant procedural and factual history of this case, we find that he has failed to "state [his] reasons for concluding that [Father's] appeal is frivolous" and "articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Santiago**, 978 A.2d at 361. Instead, he has simply averred that the trial court did not abuse its discretion, and rested on the record and the "thorough and well-reasoned Opinion of the [trial court] as attached." **Anders** Brief at 12.

---

[5] As of the date of this decision, Father has not filed a *pro se* brief with this Court, nor has privately retained counsel entered an appearance on Father's behalf.

We thus conclude that counsel has failed to fully comply with the procedural requirements for withdrawal, and we may not proceed to review the merits of this appeal, nor may we proceed to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *J.D.H.*, 171 A.3d at 908 (quoting *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015)).

Accordingly, we deny counsel's petition to withdraw and direct counsel to file either a compliant *Anders* brief and petition to withdraw, or an advocate's brief, within 30 days from the date of this Memorandum.

Petition to withdraw denied.